UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                     v.                                     **DECISION AND ORDER**
                                                        10-CR-191-A

TYRONE PENNICK, et al.,

                                 Defendants.

_____

      The Defendant, Tyrone Pennick, is charged in a Second Superseding Indictment with cocaine trafficking through a continuing criminal enterprise, with conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine, with other cocaine-related offenses, with money laundering, and with witness tampering.  The case is before the Court on motions filed by Defendant Pennick to dismiss two Counts on speedy trial grounds, to dismiss Counts on other grounds, to suppress wiretap evidence, and for various pretrial disclosures.

      For the reasons that are stated below, the Court dismisses Counts 1 and 2 of the Second Superseding Indictment, which are the continuing criminal enterprise Count and the cocaine conspiracy Count, for violation of the Defendant's Sixth Amendment right to a speedy trial.  The Court otherwise denies the Defendant's motions to dismiss, denies his motion to suppress wiretap evidence, and primarily denies his motions for additional pretrial disclosures and relief.

      The parties shall appear to set a date for trial and for a status conference on August 3, 2016 at 9:00 a.m.

**BACKGROUND**

Defendant Pennick was arrested on December 16, 2009 on a criminal complaint charging him and 26 other persons with cocaine-related drug-trafficking offenses in violation of 21 U.S.C. §§ 841(a)(1), 843(b), and 846, and with participating in a continuing criminal enterprise in violation of 21 U.S.C. § 848 (the "CCE").  The complaint was based upon a 281-page affidavit of a law enforcement agent.  If convicted of participation in the CCE alone, the Defendant would face a mandatory-minimum sentence of 20 years imprisonment.  21 U.S.C. § 848(a).  The Defendant was detained pending trial.

Approximately six and a half months later, on June 29, 2010, Defendant Pennick and nine others were indicted.  The Defendant was charged in a CCE count in violation of 21 U.S.C. § 848, and in a controlled-substances conspiracy count in violation of 21 U.S.C. § 846 allegedly involving more that five kilograms of cocaine and more that 50 grams of cocaine base.  Retained counsel was substituted for the Defendant's previously assigned counsel, and appeared at the arraignment with the Defendant.

Ten months later, Defendant Pennick and 19 others were charged in a Superseding Indictment returned on May 3, 2011.  The Defendant remained charged in a CCE count and the cocaine-related conspiracy count, but faced no new charges.  Of the 19 other defendants charged in the Superseding Indictment, 18 have pled guilty and one, Raul L. Garnica, is a fugitive who has never appeared.

Defendant Pennick's first pretrial motions were filed on November 29, 2011,

2

nearly two years after he was first detained on December 16, 2009.  The Defendant

and eight his co-defendants joined in omnibus pretrial motions filed by co-

defendants, and while hearings were occurring on the motions, and the motions

being addressed, Defendant's second counsel was replaced by the Defendant for

reasons that do not appear in the record.  The Defendant's third counsel was

substituted as counsel in March of 2012.  Defendant's third counsel sought

additional time, and the Defendant moved to be severed from co-defendants

scheduled to go to trial in June of 2012 because his counsel could not complete

pretrial motion practice and be ready for trial.  The Defendant was severed from the

trial, along with three co-defendants, including the fugitive, Raul L. Garnica, and

continued to pursue pretrial motions to dismiss and for other relief.

On May 20, 2014, a Second Superseding Indictment was returned against

only Defendant Pennick.  He was charged in a CCE count and a cocaine-related

conspiracy count materially the same as those in which he was charged in the

Superseding Indictment.  The Defendant was also charged, however, with 11

additional counts as follows:  possession with intent to distribute cocaine in violation

of  21 U.S.C. § 841(a)(1); two counts of attempted possession of cocaine with intent

to distribute in violation of 21 U.S.C. § 846; one count of money laundering and one

count of money-laundering conspiracy in violation of 18 U.S.C. §§ 1956(a)(1)(A)(I)

and 1956(h), respectively; four counts of witness tampering in violation of 18 U.S.C.

§ 1512; and two counts of using a communication facility to facilitate a controlled

substances offense in violation of 21 U.S.C. § 843(b).

During the pretrial motion practice after return of the Second Superseding Indictment, Defendant Pennick's third counsel, who is a citizen and resident of Canada, became unable to cross the international border.  New counsel was again substituted, and the Defendant is currently represented by the fourth attorney to have represented him during this case.

Defendant Pennick moved for release from pretrial detention because of the extraordinary length of his pretrial detention, and because his fourth counsel needed time to become familiar with the case.  The Defendant was released on conditions that include electronically-monitored home incarceration pursuant to an Order entered on June 26, 2015.

## DISCUSSION

**I.  Motion to Dismiss for Speedy Trial Violations.**  Defendant Pennick moves to dismiss the CCE Count and the cocaine-related conspiracy Count he faces on the ground that his rights to a speedy trial under the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.* (the "Act"), and the Sixth Amendment have been violated because of the lengthy delays in bringing him to trial.  He argues that these charges in the Superseding Indictment should be dismissed with prejudice.  For the reasons stated below, the Defendant's motion to dismiss the CCE Count and the cocaine-related conspiracy Count upon Speedy Trial Act grounds is denied, but his motion to dismiss these Counts for a Sixth Amendment speedy trial right violation is granted.

**A.  Speedy Trial Act Claim.**  Generally, the Speedy Trial Act requires the trial of a defendant to start within 70 days after the defendant is publicly charged or makes an initial appearance.  18 U.S.C. § 3161(c)(1).  Section 3161(c)(1) provides the 70-day speedy trial clock starts with the filing of the information or indictment or "from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  *Id.*

The Act excludes from the 70-day speedy trial clock periods of delay attributable to a number of specified events and circumstances, and a few periods of delay are triggered automatically.  *See* § 3161(h)(1) - (6).  For every kind of delay that does not automatically trigger an exclusion of time, formal steps must be taken and docketed to exclude time from the speedy trial clock.  *See Zedner v. United States*, 547 U.S. 489, 506-07 (2006); *see e.g.*, *United States v. Bert*, 814 F.3d 70 (2d Cir. 2016).

Pursuant to § 3162(a)(2) of the Act, if the 70-day speedy trial clock is violated, the charges  "shall be dismissed on motion of the defendant."  *Id.*; *see Zedner*, 547 U.S. at 499 ("if a meritorious and timely motion to dismiss is filed, the district court must dismiss the charges, though it may choose whether to dismiss with or without prejudice.").  A defendant filing a motion to dismiss charges bears the burden of proving a violation of the Act.  18 U.S.C. § 3162(a)(2); *United States v. Adams*, 448 F.3d 492, 503 (2d Cir. 2006).

Dismissal of an indictment for a Speedy Trial Act violation may be with or without prejudice to reinstatement of the charges.  18 U.S.C. § 3162(a)(2).  In

determining whether to dismiss with prejudice or without prejudice, a district court is required to consider:

> the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Act] and on the administration of justice.

18 U.S.C. § 3162(a)(1).  In addition to the three factors specified in the statute, the Supreme Court has held that a court must also consider whether there was prejudice to the defendant as a result of the delay.  *United States v. Taylor*, 487 U.S. 326, 333-34 (1988); *see also United States v. Bert*, 514 F.3d 70 (2016).

As a threshold matter, § 3161(h)(6) of the Speedy Trial Act provides for one calculation of the 70-day period within which the trial must start that applies to all defendants who are joined together for trial.  *United States v. Pena*, 793 F.2d 486, 489 (2d Cir.1986) (construing § 3161(h)(7) before it was redesignated § 3161(h)(6) by technical amendment in the Judicial Administration and Technical Amendments Act of 2008, Pub. L. No. 110-406, § 13(3), 122 Stat. 4291); *see e.g., United States v. Byrd,* 466 F. Supp.2d 550, 551–52 (S.D.N.Y. 2006).  In *Pena,* the Court of Appeals stated that  "cases involving multiple defendants are governed by a single speedy trial clock, which begins to run with the clock of the most recently added defendant, and [ ] delay attributable to any one defendant is charged against the single clock, thus making the delay applicable to all defendants."  793 F.2d at 489.

Moreover, under § 3161(h)(6), the 70-day speedy trial clock is tolled for  "[a] reasonable period of delay when the defendant is joined for trial with a codefendant

as to whom the time for trial has not run and no motion for severance has been granted." *Pena*, 793 F.2d at 489.   Accordingly, while a defendant ordinarily has no obligation to take an affirmative step to ensure being tried within the 70 days allotted under the Act, *see United States v. Bert*, 814 F.3d 70, 82 (2d Cir. 2016), it is settled that is not the case when a defendant is joined with a codefendant for trial as to whom the time for trial has not run.  *United States v. Vasquez*, 918 F.2d 329 (2d Cir. 1990).  In *Vasquez*, the Second Circuit held that, although subsection (h)[6] requires that periods of delay attributable to a codefendant be  "reasonable," a defendant cannot challenge the reasonableness of a statutory Speedy Trial Act delay unless the defendant first makes a motion for severance from the codefendant causing the delay.  918 F.2d at 336.

The Second Circuit concluded in *Vasquez* that the threshold requirement that a defendant move for a severance is necessary to guard against  "the possibility that a defendant might acquiesce in unreasonable pretrial delays of a codefendant and then belatedly seek the 'reasonableness' protection of subsection (h)[6] in order to obtain dismissal of the indictment."  918 F.2d at 337; *see also United States v. Cephas,* 937 F.2d 816, 822 (2d Cir. 1991) ("[T]he duty to inquire into whether a delay caused by a co-defendant is reasonable is triggered only when the defendant has sought severance from the particular defendant who is responsible for the delay

at issue." *Id.*).[1]

In this case, Defendant Pennick was joined for trial with a codefendant, Raul L. Garnica, a fugitive, since the Superseding Indictment was filed on May 3, 2011, who has not entered an appearance before a judicial officer in connection with the charges.  Pursuant to 18 U.S.C. § 3161(c)(1), the speedy trial clock only starts to run upon the later of the filing of the information or indictment or  "from the date the defendant has appeared before a judicial officer of the court in which such charge is pending . . . ."  *Id.*  Accordingly, because one codefendant with whom the Defendant was joined for trial had not yet appeared, and because the Defendant chose not to move to be severed for trial from this codefendant, the speedy trial clock as to the CCE Count and the controlled-substances conspiracy Count in the Superseding Indictment had not started, and the Defendant fails to carry his burden to establish that his rights under the Speedy Trial Act were violated.  The Defendant's motion to dismiss the CCE Count and the controlled-substances conspiracy Count on the basis of Speedy Trial Act violations is therefore denied.

This conclusion, and the Circuit's holdings in *Cephas* and *Vasquez*, conflict with the strong policies reflected in the Speedy Trial Act that time is not excluded on "the grounds of mere consent or waiver," because the Act protects both "a

---

[1] The Second Circuit declined to reconsider the holding of *Vasquez* that a severance motion is required to challenge the reasonableness of pretrial delays attributable to a codefendant in an unreported summary order in 2010.  *United States v. Gonzalez,* 399 Fed. App'x. 641, 644, 2010 WL 4342192, *2 (November 3, 2010).  The Court of Appeals stated that "the making of the motion [to sever] is important to give notice of a defendant's claim of speedy trial prejudice and to avoid gamesmanship in agreeing to delays that are later challenged.  *Id*., (*citing Vasquez*, 918 F.2d at 337).

defendant's right to a speedy trial" and "the public interest." *Zedner v. United States*, 547 U.S. 489, 501-02 (2006). The Act is also in tension with no-waiver policies when it mandates that the filing of motions automatically stops the speedy trial clock without regard to causation or the reasonableness of ensuing delay, *United States v. Tinklenberg*, 563 U.S. 647, 654-60 (2011); *see also United States v. Lynch*, 726 F.3d 346, 352 (2d Cir. 2013), and delay due to joinder with a fugitive until a motion for severance is similarly automatic under the statute. If there is a Speedy Trial Act reasonableness limit on delay due to joinder with a fugitive, the Defendant has not carried his burden to articulate it, *see* 18 U.S.C. § 3162(a)(2), and the Court does not see such a limit. The potential remedy for undue delay because a defendant is joined with a fugitive is the speedy trial clause of the Sixth Amendment.

Finally, even if the CCE Count and the cocaine-related conspiracy Count in the Second Superseding Indictment were subject to dismissal under § 3162(a)(2) of the Act, later-added charges not "required to be joined" with those counts in the Superseding Indictment are not subject to dismissal. § 3161(h)(5); *see United States v. Sachakov*, 812 F.Supp.2d 198, 207 (E.D.N.Y. 2011) (discussing *United States v. Roman*, 822 F.2d 261 (2d Cir.1987)); *United States v. Rumble*, 111 F.Supp.3d 207, 214 (N.D.N.Y. 2015). The Court notes that none of the additional eleven charges in the Second Superseding Indictment were required to be joined with the pre-existing CCE Count and controlled-substances conspiracy count. *Sachakov*, 812 F.Supp.2d at 208-10.

**B.  The Sixth Amendment Right to Speedy Trial.**  The Sixth Amendment

Speedy Trial Clause provides that "[i]n all criminal prosecutions, the accused shall

enjoy the right to a speedy and public trial."  U.S. Const. amend. VI.  The Clause

embodies  "one of the most basic rights preserved by our Constitution."  *Klopfer v.*

*North Carolina*, 386 U.S. 213, 226 (1967) (right to speedy trial applies in states

under the Due Process Clause of the Fourteenth Amendment).  The right to a

speedy trial is essential to protect all presumptively innocent criminal defendants,

and it does so "by 'prevent[ing] undue and oppressive incarceration prior to trial, . . .

minimiz[ing] anxiety and concern accompanying public accusation[,] and . . .

limit[ing] the possibilities that long delay will impair the ability of an accused to

defend himself.' "  *Betterman v. Montana*,  136 S. Ct. 1609, 1614 (2016) (quoting

*United States v. Marion*, 404 U.S. 307, 320 (1971) and citing *Barker v. Wingo*, 407

U.S. 514, 532–533  (1972)).

Yet the Sixth Amendment speedy trial right is also routinely recognized to be

somewhat  "amorphous, slippery, and necessarily relative." *United States v. Ray*,

578 F.3d 184, 191 (2d Cir. 2009) (quoting *Vermont v. Brillon*, 556 U.S. 81, 89

(2009)).  The right "neither prohibits all delays, nor establishes a strict time limit

between the announcement of a charge and the commencement of trial." *Id.*  No

hard-and-fast rules establishing strict times to trial, and "delay that can be tolerated

for an ordinary street crime is considerably less than for a serious, complex

conspiracy charge." *Barker v. Wingo*,  407 U.S. at 531.

Whether a defendant's Sixth Amendment right to a speedy trial right has been violated depends primarily upon four factors:  the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Doggett v. United States*, 505 U.S. 647, 651 (1992) (citing *Barker*, 407 U.S. at 530). "These factors 'must be considered together with any other circumstances as may be relevant' and 'have no talismanic qualities.' " *United States v. Cain*, 671 F.3d 271, 296 (2d Cir. 2012) (quoting *Barker, supra* at 533).  They are related factors and must be considered together with such other circumstances as may be relevant. *Barker, supra* at 533.  If a violation is established, dismissal of the charge with prejudice is the mandatory remedy.  *See Strunk v. United States*, 412 U.S. 434 (1973).

**Length of delay.**  The first factor — the length of the delay — serves as a threshold question.  *Cain*, 671 F.3d at 296.  A defendant "cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness."  *Id.* (quoting *Doggett*, 505 U.S. at 652 (internal quotation mark omitted).  The right to a speedy trial is triggered  "by arrest, indictment, or other official accusation."  *Doggett* at 655.  No further inquiry is necessary if delay after official accusation is not  "presumptively prejudicial." *Id.* at 652.

As a general matter, the Supreme Court has noted that a delay approaching one year may be considered presumptively prejudicial, *Doggett*, 505 U.S. at 652 n. 1, in that such a delay is sufficient to justify inquiry into the remaining factors.  In the Second Circuit, it has been suggested there is a "general consensus" that more than

eight months is presumptively prejudicial and merits further inquiry.  *United States v. Vassell*, 970 F.2d 1162, 1164 (2d Cir. 1992).  Nevertheless, even much longer delays do not necessarily give rise to a Sixth Amendment violation where evaluations of all the circumstances justify the delay.  *See e.g., United States v. Ghailani*, 733 F.3d 29, 48 (2d Cir. 2013) (five-year delay); *United States v. Blanco*, 861 F.2d 773 (2d Cir. 1988) (10-year delay); *Rayborn v. Scully*, 858 F.2d 84 (2d Cir. 1988) (more than seven years).  Defendant Pennick was first charged in a complaint approximately six and half years ago on December 15, 2009, and the Defendant was indicted approximately six years ago.  This is an "extraordinary" delay, *Barker*, 407 U.S. at 533, and there is no question the length of delay is presumptively prejudicial and warrants further consideration of the other three *Barker* factors.

   **Reason for the delay.**  There are three types of Sixth Amendment speedy trial delay: deliberate, neutral and valid.  *See Barker*, 407 U.S. at 531.  Deliberate delay, which is delay intended to confer an advantage over a defendant, weighs most heavily against the government.  *See* 407 U.S. at 530.  Neutral delay, delay resulting from government negligence and overcrowded court dockets, is less weighty.  *See Barker*, 407 U.S. at 530; *see United States v. Vasquez*, 918 F.2d 329, 338 (2d Cir. 1990) (no Sixth Amendment violation despite apparent government negligence in failing to expedite a mental competency examination).  *But see Flowers v. Warden, Connecticut Correctional Institution*, 853 F.2d 131, 134 (2d Cir. 1988) (a 17-month delay due to government dysfunction "might well merit dismissal" in case where greater prejudice to a defendant is established).  Delay is considered

12

"valid" delay if it is reasonable pretrial delay, *see e.g., United States v. Vassell*, 970 F.2d 1162, 1165 (2d Cir. 1992) (seven-month delay in complex case to negotiate plea and cooperation agreement with co-defendant); delay caused by proceedings in another jurisdiction, *see e.g., United States v. Jones*, 91 F.3d 5, 9 (2d Cir. 1996) ; and delays attributable to the defendant, *see e.g, Davis v. Kelly*, 316 F.3d 125, 127 (2d Cir.  2003) (57-month delay caused by "repeated replacements of the defendant's attorney at his request.").

In this case, reasons for the extraordinary delay are mixed.  There has been no deliberate delay, some valid delay, and there has been very substantial neutral delay attributable to both parties.  The case was somewhat complex because it involved very serious CCE charges, and a large number of defendants.  Just nine of 27 defendants named in the complaint were named in the Indictment, but only two defendants who were not named in the complaint were named in the Superseding Indictment returned more than fifteen months later.  One defendant named in the complaint had entered a plea, and pretrial motions filed by some of the defendants named in the Indictment were pending.

However, the pretrial motions were effectively tabled upon motion of the United States on or about May 10, 2011, after the Superseding Indictment was sealed upon its return on May 3, 2011, and representations by counsel for the United States that the sealing was necessary to facilitate the apprehension of Raul I. Garnica in the Southern District of Texas.  A new 70-day statutory speedy trial clock arose when the Superseding Indictment added new defendants, *see United States*

13

*v. Gambino*, 59 F.3d 353, 362 (2d Cir. 1995), but pretrial motions filed while the Indictment was pending were effectively tabled for 58 days.

Despite having been arrested and detained in pretrial custody since December 16, 2009, Defendant Pennick did not file any pretrial motions until nearly two years later on November 29, 2011.  The motions were filed by the Defendant's second attorneys, who were retained in the place of assigned counsel.  The motions were extensive.

While Defendant Pennick's first round of pretrial motions were pending, and after supplemental submissions were ordered by Magistrate Judge Schroeder, the Defendant's second counsel was discharged.  *See Matter of Seeger*, 139 A.D.3d 12, (4th Dept. 2016) (counsel later suspended for conduct not related to this case).  The Defendant's third counsel appeared on March 8, 2012, and the third counsel's request for additional time to learn the case and to file motions was granted.  On that same date, however, the case was set for trial to commence on June 15, 2012.

Defendant Pennick's supplemental motions were timely filed on March 23, 2012, and additional supplemental motions were filed April 18, 2012, including a motion to sever the Defendant from the trial on the ground that his third counsel was unable to provide effective assistance of counsel in the time before trial.  On May 30, 2012, the Defendant sought additional time to object to a May 18, 2012 Report and Recommendation of Magistrate Judge Schroeder, and on June 1, 2012, the Defendant was severed from the imminent trial, along with other defendants, including the fugitive co-defendant, Raul L. Garnica.  The Defendant's objections to

14

the Report and Recommendation were filed June 28, 2012, and the United States responded nearly two months later on August 23, 2012.  The Defendant did not reply, on the due date, but, after being granted an extension of time to do so, filed a reply on January 21, 2013.

During an appearance on the objections on January 30, 2013, the United States was granted permission to file a sur-reply, and oral argument of Defendant Pennick's objections was held March 11, 2013.  Although the Defendant had not sought severance from the fugitive Raul L. Garnica, he filed a motion to dismiss on Speedy Trial Act grounds and for bail on January 21, 2014.  Thereafter, however, the Defendant was granted two adjournments of the argument of the motions, and at the March 10, 2014 argument, the Court ordered additional submissions and set a new date for argument.  The parties jointly sought an adjournment of that argument date, and the Second Superseding Indictment was filed on May 20, 2014.

When Defendant Pennick was arraigned on the Second Superseding Indictment on May 28, 2014, the Defendant's motion for release on conditions after approximately 54 months of pretrial detention was argued.  The Court granted the motion and entered an order setting conditions on the Defendant's release, including home incarceration on electronic monitoring, on June 16, 2014.  The Court also set a schedule for additional pretrial proceedings as required by the additional charges in the Second Superseding Indictment.

Defendant Pennick sought still additional adjournments of his time to supplement and file pretrial motions, which was granted, the United States brought

15

to the Court's attention that the Defendant's counsel might have become incapable

of continuing as counsel due to a legal problem entering the United States from

counsel's home in his native Canada.  Independent counsel for the Defendant was

appointed.  Over the next two months it emerged the Defendant's third counsel

would be incapacitated, and the Defendant's fourth counsel appeared and

repeatedly sought time to be retained and to review matters in order to be able to

render effective assistance of counsel.  *See e.g.*, Dkt. No. 891.  The time to

supplement motions was finally extended to January 6, 2013, but the Defendant's

Fourth counsel did not file anything to either supplement the motions or to request

argument of the motions.  The United States filed a motion on January 15, 2016 that

the Court adjudicate the pending motions and to set a date for trial.

**Assertion of the Right.**  Whether a defendant is serious about wanting a

speedy trial is the third *Barker* factor.  *See* 407 U.S. at 530.  A "lack of timeliness,

vigor or frequency" in asserting the right does not waive the claim, but it undercuts it.

*See Rayborn v. Scully*, 858 F.2d 84, 93 (2d Cir. 1988); *Garcia Montalvo v. United

States*, 862 F.2d 425, 426 (2d Cir. 1988) (no violation where defendant raised issue

six years after trial).  *But see Doggett*, 505 U.S. at 654 (post-arrest assertion timely

more than eight years after indictment filed because defendant had been unaware of

indictment).

Defendant Pennick has sought numerous adjournments of his time to file and

supplement his pretrial motions, or of Court appearances, the Defendant's third

counsel did eventually assert the Defendant's right to a speedy trial in January of

2014, after the case had been pending, with the Defendant in pretrial detention, for more than four years.  Even after that date, the Defendant sought adjournments to supplement prior motions and to consider making additional motions.  The additional submissions to the Court were largely repetitive, and somewhat unclear, and were somewhat inconsistent with a serious and urgent desire for a speedy trial.  *See e.g.,* *United States v. Carpenter*, No. 3:13-CR-226 (RNC),  2016 WL 1118236, at *3 (D.Conn. 2016). Ultimately, after also seeking additional time to become acquainted with the case, and possibly to supplement prior pending motions, the Defendant's fourth counsel did not supplemented the arguments in light of the filing of the Second Superseding Indictment, or in light the Defendant's release on bail after approximately 54 months in pretrial detention.

      **Prejudice to Defendant.**  There are three kinds of Sixth Amendment speedy-trial prejudice that are relevant under *Barker*:   pretrial imprisonment, pretrial anxiety and impairment of the defense.   407 U.S. at 532.  The last of the three types of prejudice is the most serious, *see* 407 U.S. at 532, and has been prominent in the rare dismissals on constitutional speedy trial grounds.  *See, e.g., United States v. Vispi*, 545 F.2d 328, 334-35 (2d Cir. 1976) (difficulty locating documentary evidence).  However, the presumption of prejudice inherent in a sufficiently lengthy delay also may be enough to prevail on a Sixth Amendment claim even absent "proof of particularized prejudice."  *Doggett*, 505 U.S. at 655 (right to speedy trial violated by eight-and-one-half-year delay between indictment and arrest).  Prejudice that is merely conjectural alone does not suffice.  *See United States v. Moreno*, 789

17

F.3d 72, 81 (2d Cir. 2015) (possibility that defendant may no longer recall certain phone conversations was belied by conversations having been recorded and "thus fully preserved[,]" and failure to recall context "may [also] be said of the government's witnesses"); *see also Barker*, 407 U.S. at 521 (fading memories often "work to the accused's advantage").

In this case, although there is no evidence Defendant Pennick's defense has been affirmatively impaired as a result of the extraordinary delays in this case, the Court weighs the approximately 54 months the Defendant spent in pretrial detention, and the approximate 25 months he has remained on electronically-monitored home incarceration heavily. Although the Defendant has submitted little to describe the effects of these restrictions on the Defendant's liberty, the Court finds the obvious psychological and social impact of the restrictions on the Defendant controlling. Although delays during that entire time period were due in part to motion practice by the Defendant and his co-defendants, and the need for Defendant repeatedly to replace his retained counsel, some of the delays were the result of charging decisions and practices of the United States, such as the time between the filing of the complaint and the Superseding Indictment. The Court bears the most significant responsibility for the delays for not having more aggressively managed the conduct of counsel, and for not having decided the motions in this Decision and Order sooner.

Certainly, Defendant Pennick had an adequate statutory remedy with which to protect himself from excessive pretrial delay in the Speedy Trial Act, but when the

18

Defendant did not move to sever himself from the fugitive defendant, the Defendant chose not avail himself of the remedy.  Similarly, by not seeking pretrial release sooner, the Defendant did not avail himself of a remedy for his long pretrial detention.  While the Defendant did acquiesce in unreasonable pretrial delays, under all the circumstances, the Court nevertheless finds the extraordinary delays with respect to the CCE charge and controlled-substance conspiracy charge in the Superseding Indictment have been excessive, and those charges are dismissed with prejudice on Sixth Amendment speedy trial grounds.

Defendant Pennick did not seek dismissal of the other 11 Counts in the Second Superseding Indictment that were added to the case in May of 2014 on Sixth Amendment speedy trial grounds.  Those Counts remain pending and will proceed to trial.

### II.  Disclosure of Grand Jury Testimony.

Defendant Pennick moves for disclosure of testimony of witnesses who appeared before the Grand Jury on the ground that the testimony may have included information obtained in violation of the Defendant's constitutional rights. Dkt. No. 801, pp. 6-7.  Two similar motions were denied by Magistrate Judge Schroeder.  Dkt. No. 491, pp. 22-25.   The Defendant did not object to those rulings.

After a magistrate judge has issued a decision on a nondispositive matter, a party may file objections to that order within 14 days.  Fed. R. Crim. P. 59(a). However, the "[f]ailure to object in accordance with this rule waives a party's right to review." *Id.*  By not timely objecting to Magistrate Judge Schroeder's denial of his

motion for disclosure of Grand Jury testimony, Defendant Pennick waived review by this Court of the denial.

Neither has Defendant Pennick sought reconsideration of the prior order. Reconsideration may be granted when a party "can point to controlling decisions or data that the court over-looked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. National Mediation Board*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotations omitted). Defendant points to no such grounds for reconsideration of the order denying his motion for disclosure of the Grand Jury testimony, and the Court sees none.

Moreover, Defendant Pennick raises no new grounds for disclosure of Grand Jury testimony related to the Second Superseding Indictment. Dkt. No. 801, pp. 6-7. His motion for the disclosure of all such testimony is therefore denied for the same reasons, and on the same conditions, as previously stated by the Magistrate Judge. Dkt. No. 491, pp. 22-25.

### III.  Discovery.

Defendant Pennick moves for discovery pursuant to Federal Rule of Criminal Procedure 16.  Dkt. No. 801, pp. 11-14.  The United States responds by citing an earlier, unobjected-to order of Magistrate Judge Schroeder's, a short summary of

20

disclosures the United States has made to Defendant, and states that it "believes it is in full compliance with Rule 12 and Rule 16 discovery." Dkt. No. 817, p. 6. Based upon the representations of the United States, the Court denies the Defendant's motion for discovery as moot. The United States is reminded of its continuing disclosure duties pursuant to Rule 16.

### IV.  Bill of Particulars.

Defendant Pennick also repeats and supplements a prior motion for a bill of particulars that was denied by Magistrate Judge Schroeder and not objected to by the Defendant. Dkt. No. 801, pp. 14-20; *see* Dkt. No. 491, pp. 4-8. Federal Rule of Criminal Procedure 7(f) authorizes the Court to direct the United States to file a bill of particulars to allow a defendant "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987).

Many particulars sought by Defendant Pennick are disclosed in the lengthy affidavit filed in support of a Criminal Complaint in this case. In addition, the United States has supplied discovery that details the events encompassed in all the charges for which the Defendant seeks a bill of particulars. Accordingly, and because the charges are relatively straightforward, there is no need for particularization. *See e.g., United States v. Walsh*, 194 F.3d 37, 44-47 (2d Cir. 1999); *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990). Moreover, in

21

addition to the discovery materials already provided to the Defendant, the Court's
pre-trial order will ensure that the Defendant is not surprised at trial.  The
Defendant's motion pursuant to Fed. R. Crim. P. 7(f) for a bill of particulars with
respect to the remaining Counts in the Second Superseding Indictment is therefore
denied.

### V.  Disclosure of Other Act Evidence and of Information that May be Exculpatory or Used for Impeachment.

Defendant Pennick seeks immediate disclosure of evidence the United States
may offer as other-act evidence pursuant to Fed. R. Evid. 404(b), information that
may be exculpatory under *Brady*[2], and information that may be used as
impeachment material under Fed. R. Evid. 608 and 609.  Dkt. No. 801, pp. 20-33.
The United States responds that it is aware of and is complying with its continuing
obligations under *Brady,* and that the Defendant raises no reasons for the Court to
deviate from the "reasonable-notice" requirement of Rule 404(b) and the Court's
usual practice regarding pretrial disclosure of potential of impeachment material.

The Court finds Defendant Pennick has failed to establish grounds for
ordering that the disclosures he seeks be made immediately.  In light of the United
States' acknowledgment of its obligations under Rule 404(b) and *Brady*, and the
United States' commitment to disclose potential Rule 608 and Rule 609
impeachment material in its filings in response to standard provisions in the Court's
pretrial order, the Court finds the Defendant's  motion for immediate disclosure is

---

[2]  *Brady v. Maryland*, 373 U.S. 83 (1963).

otherwise moot.  The Defendant will be able to seek pretrial relief by motion *in limine* if required disclosures are not timely made by the United States.

**VI.  Witness Statements**.

Defendant Pennick also seeks early disclosure of witness statements as defined in the Jencks Act at 18 U.S.C. § 3500.  Dkt. No. 801, pp. 33-34.  However, "[c]ourts in this Circuit have consistently held that district courts lack the power to mandate early production of Jencks Act material." *United States v. Morgan*, 690 F.Supp.2d 274, 286 (S.D.N.Y. 2010).  *See United States v. Coppa*, 267 F.3d 132, 145 (2d Cir. 2001).  The Defendant's motion for immediate disclosure is denied, but the Court will ensure that Defendant's counsel has adequate time to make effective use of witness statements.

**VII.  Informant Identity**.

A prior motion made by Defendant Pennick for disclosure of informants' identities and information about informants was denied by Magistrate Judge Schroeder, Dkt. No. 491, pp. 9-11, and the Defendant did not object.  Under the circumstances, and pursuant to Fed. R. Crim. P. 59(a), he has waived objections to the prior ruling.  The Defendant does not indicate whether any new informants have been identified.   Dkt. No. 801, pp. 34-37.

Even if the Court were to disregard the waiver, Defendant Pennick's motion is without merit.  "The [G]overnment generally enjoys a 'privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with  enforcement of that law.'"  *United States v. Jackson*, 345 F.3d

23

59, 69 (2d Cir. 2003) (quoting *Roviaro v. United States*, 353 U.S. 53, 59 (1957)). This privilege is qualified, however: "'where the disclosure of an informer's identity, or the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause,' the 'fundamental requirements of fairness' require that 'the privilege must give way.'" *Id.* (quotation marks and brackets omitted) (citing *Roviaro*, 353 U.S. at 60-61)). In such a case, the Court must "'balance the public interest in protecting the flow of information [to law enforcement] against the individual's right to prepare his defense,' based on 'the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.'" *Id.* Accordingly, there is "no fixed rule with respect to disclosure." *Roviaro*, 353 U.S. at 62.

Defendant Pennick argues that the information he seeks is material to the defense, but it is his burden to demonstrate that the information would do more than "merely . . . cast doubt on the general credibility of one of the Government's witnesses." *United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir. 1988). The Defendant separately challenges certain informants' credibility in support of his motion to suppress wiretap evidence and to dismiss for outrageous governmental conduct that the Court addresses below, but the Defendant still fails to meet his burden to justify the disclosures he seeks. The Defendant's motion for informants' identities and information about informants is therefore denied.

24

### VIII.  Search of Personnel Files of Government Witnesses.

Defendant Pennick seeks an order compelling the government to search personnel files of government-employed witnesses for exculpatory information and impeachment material.  Dkt. No. 801, pp. 37-39.  The United States responds that it is aware of its obligations under *Brady*, *Giglio*,[3] and their progeny, and that it will employ its standard procedures to review government agent personnel files pursuant to which it submits potential impeachment material to the Court for an *in camera* determination whether disclosure is appropriate.  Under these circumstances, the Court finds the Defendant's motion moot.  The United States is directed to confirm to Defendant's counsel whether the procedure to review government-agent personnel files is complete at the final pretrial conference.

### IX.  Preservation of Evidence.

Defendant Pennick moves for preservation of evidence, though the same motion was previously granted in part by Magistrate Judge Schroeder as to potential witness statements.  Dkt. No. 801, pp. 39-41; *see* Dkt. No. 491, pp.18-19.  The United States acknowledges its obligations under that order, and the Defendant's motion is again granted on the terms set by Magistrate Judge Schroeder.

### X.  Audibility Hearing.

Defendant Pennick moves for a hearing on the audibility of audio recordings, but has not complied with a prior order of the Magistrate Judge requiring the

---

[3]  *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972).

Defendant to specify his audibility concerns, and to attempt to resolve the concerns with the United States.  Dkt. No. 801, p. 41; *see* Dkt. No. 491, pp. 21-22.  The motion is therefore denied without prejudice to renewal upon assurance that the conditions set by the Magistrate Judge have been satisfied.

## XI.  Motion to Suppress Intercepted Communications.

Defendant Pennick generally repeats arguments he previously made in support of suppression of wiretap evidence, and related relief, obtained pursuant to an order issued under Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2522.  Dkt. No. 801, pp. 41-50.  Upon careful review of a Report and Recommendation of Magistrate Judge Schroeder addressing the Defendant's arguments, Dkt. No. 495, and the Defendant's objections to the Report and Recommendation that extensively supplemented his prior submissions, Dkt. Nos. 586 and 696, the Court adopts the Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1) and denies the motions, including the motion to dismiss for outrageous government conduct.

## XII.  Motion of the United States for Reciprocal Discovery.

Pursuant to Fed. R. Crim. P. 16(b), the United States moved for reciprocal discovery from Defendant Pennick.  Dkt. No. 817, p. 23.  The Defendant has not opposed the motion.  The Court therefore grants the motion.

## CONCLUSION

For the reasons stated above, the Court rules upon the motions of Defendant Pennick as follows:

(1) The motions to dismiss the CCE Count and the controlled-substances Counts in violation of 21 U.S.C. §§ 848 and 846, respectively, in the Second Superseding Indictment for violation of the Defendant's rights under the speedy trial clause of the Sixth Amendment are granted, with prejudice, but denied for violation of the Defendant's rights under the Speedy Trial Act.

(2) The motion for disclosure of Grand Jury testimony is denied.

(3) The motion for additional discovery is denied.

(4) The motion for a bill of particulars is denied.

(5) The motion for immediate disclosure of other-act evidence and of information that may be exculpatory or used for impeachment is denied.

(6) The motion for immediate disclosure of witness statements is denied.

(7) The motion for informants' identities and disclosure of related information is denied.

(8) The motion compelling searches of government witness' personnel files is denied, except counsel for the United States is directed to advise defense counsel whether the procedures to review government-witness personnel files is complete at the final pretrial conference.

(9) The motion for preservation of evidence is denied, except to the extent previously granted.

27

(10) The motion for an audibility hearing is denied, without prejudice.

(11) The motion to suppress intercepted communications is denied upon *de novo review* of the Report and Recommendation of Magistrate Judge Schroeder, Dkt. No. 495, and the Court adopts that Report and Recommendation for the reasons set forth by Magistrate Judge Schroeder.

(12) The motion of the United States for reciprocal discovery is granted.

The parties shall appear to set a date for trial and for a status conference on August 3, 2016 at 9:00 a.m.

**IT IS SO ORDERED.**


_____*Richard J. Arcara*_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:   August 2, 2016