MANDATE

16-3069-cr
*United States v. Pennick*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand seventeen.

PRESENT:   DENNY CHIN,
        CHRISTOPHER F. DRONEY,
            *Circuit Judges*,
        JANE A. RESTANI,
            *Judge*.[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
        *Appellant*,

         v.                                              16-3069-cr

TYRONE PENNICK, AKA Stuff,
        *Defendant-Appellee*,

RODNEY HILL, AKA Rock, DAVID MANUEL, AKA Day Day, WARDELL EPPS, AKA Whoa Whoa, SHARON JACKSON, MYKALE KING, AKA Mookie, PAULINE MANUEL, ANTHONY NEWMAN, EVELINA STOKES, SWAZINE SWINDLE, AKA Swazzie, AKA Swizzie, RAUL

---

[*] Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

MANDATE ISSUED ON 11/27/2017

L. GARNICA, RENE I. GARNICA, AKA Judy Thomas,
YOLANDA HODGE, AKA La La, JERMAINE HOWARD,
AKA Jay, ARTHUR HUBBARD, AKA Art, AKA Fatboy,
JESSE HUGHES, LOUIS MANUEL, Jr., AKA Stank, JOSEPH
MARBLE, TONYA MAYE, BRYANT WOODS, JUDITH
ASKEW, AKA Judy Thomas,
                  *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLANT:                  ELIZABETH R. MOELLERING, Assistant United States Attorney, *for* James P. Kennedy, Jr., Acting United States Attorney for the Western District of New York, Buffalo, New York.

FOR DEFENDANT-APPELLEE:     DONALD M. THOMPSON, Easton Thompson Kasperek Shiffrin, LLP, Rochester, New York.

Appeal from the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

On December 15, 2009, Defendant-Appellee Tyrone Pennick and 26 codefendants were charged by criminal complaint with various drug trafficking offenses in violation of 21 U.S.C. §§ 841(a)(1), 843(b), 846, and 848. He was indicted with nine codefendants on June 29, 2010, and charged in a Superseding Indictment with nineteen codefendants on May 3, 2011. In a May 20, 2014 Second Superseding Indictment, he was also charged with eleven additional counts. In all three indictments, Pennick was charged with (1) participating in a continuing criminal enterprise and (2) a

conspiracy to possess cocaine with intent to distribute and to distribute cocaine.[1] On August 2, 2016, the district court entered a decision and order dismissing Counts One and Two with prejudice on the ground that Pennick's Sixth Amendment right to a speedy trial had been violated. The eleven additional counts remain pending. The government appeals. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Pennick was arrested and detained pending trial on December 16, 2009. Pennick changed counsel several times and sought various extensions and adjournments, as well as severance from codefendants scheduled for trial in June 2012.

On January 21, 2014, Pennick moved to dismiss Counts One and Two on speedy trial grounds. On June 27, 2014, fifty-four months after he was arrested, Pennick was released from custody on conditions that included electronically monitored home incarceration because of the length of his pretrial detention. The government moved several times to adjudicate pending motions and set a trial date. Pennick has since been re-incarcerated for violating pretrial supervision.

The district court did not decide the speedy trial motion until August 2, 2016, two-and-a-half years after the motion was filed. In its decision and order, the

---

[1] The two counts are denominated Counts One and Two in the Second Superseding Indictment, but are materially Counts Two and Three in the original and Superseding Indictment. For ease of reference, we refer to them as Counts One and Two.

district court balanced the four factors identified in *Barker v. Wingo*, 407 U.S. 514 (1972),[2] and found that (1) six and one-half years had elapsed since Pennick was first charged by criminal complaint, an "extraordinary" delay that was "presumptively prejudicial," App. 78; (2) there were "mixed" reasons for the delay, including the "very substantial neutral delay attributable to both parties," but the court itself bore "the most significant responsibility for the delays," App. 79, 84; (3) Pennick's submissions to the court "were somewhat inconsistent with a serious and urgent desire for a speedy trial," App. 83; and (4) although there was no evidence that the delay impaired Pennick's ability to defend against the charges, the "obvious psychological and social impact" that Pennick suffered from his fifty-four months in pretrial detention and twenty-five months on electronically-monitored home incarceration was "controlling" on the prejudice issue, App. 84. The court concluded that the delays in the case were excessive and dismissed with prejudice Counts One and Two of the Second Superseding Indictment.

      We review the district court's dismissal of an indictment on constitutional speedy trial grounds for abuse of discretion. *United States v. Moreno*, 789 F.3d 72, 78 (2d Cir. 2015). We rely on the factual findings of the district court, unless clearly erroneous. *United States v. Ghailani*, 733 F.3d 29, 44 (2d Cir. 2013). None of the four *Barker* factors has any "talismanic qualities," and none is "necessary or sufficient" to finding a

---

[2] The four factors are (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

deprivation -- instead, courts must "engage in a difficult and sensitive balancing process." *Barker*, 407 U.S. at 533. When the right is violated, the only remedy is dismissal of the charges with prejudice. *Moreno*, 789 F.3d at 78.

We conclude that the district court did not abuse its discretion in light of the extraordinary length of time that has elapsed since Pennick was charged and arrested in December 2009 -- six and one-half years at the time of the decision below, and now, at the time of this appeal, nearly eight years.

Although some delay can be attributed to Pennick, such as delays arising from retaining four different attorneys, some delay can also be attributed to the government, such as for twice superseding the indictment, and much of the delay can be attributed to the court, as it candidly acknowledged, such as the delay in deciding motions. "While the government may have had little control over the 'institutional delays' more appropriately attributable to the court, 'the ultimate responsibility for such circumstances must rest with the government rather than the defendant.'" *United States v. New Buffalo Amusement Corp.*, 600 F.2d 368, 377 (2d Cir. 1979) (quoting *Barker*, 407 U.S. at 531); *see also United States v. Carini*, 562 F.2d 144, 149-50 (2d Cir. 1977) (holding the court's delays against the government); *cf. United States v. Bert*, 814 F.3d 70, 85 (2d Cir. 2016) (commending the district court's "honest and unequivocal acceptance of responsibility" for a Speedy Trial Act violation, but noting that "the mere fact that a speedy trial violation is attributable to the court and not the government does not

expunge that violation, nor does it automatically render the violation any less serious."). The government insists that Pennick did not want a speedy trial, and argues that it reminded the court to adjudicate pending motions and set a trial date. But a defendant ultimately "has no duty to bring himself to trial," *Barker*, 407 U.S. at 527, and the government's first motion to adjudicate did not come until January 8, 2014, four years after Pennick was first charged.

Nor did the district court abuse its discretion in affording heavy weight to the psychological and social anxiety resulting from fifty-four months of pretrial detention and twenty-five months of home incarceration. The government avers that we have found comparably long pretrial delays constitutional. But in none of the cases cited by the government was the defendant detained the entire time. *See, e.g.*, *Barker*, 407 U.S. at 517-18 (five years, but defendant spent only ten months in jail); *Rayborn v. Scully*, 858 F.2d 84, 89-90 (2d Cir. 1988) (seven years, but defendant continually evaded arrest and failed to appear in court); *United States v. Lane*, 561 F.2d 1075, 1078 (2d Cir. 1977) (fifty-eight months, but no suggestion that defendant was detained); *United States v. Saglimbene*, 471 F.2d 16, 17 (2d Cir. 1972) (six years, but defendant was released on bail the day after arrest).

We conclude that the district court did not abuse its discretion when it dismissed Counts One and Two with prejudice pursuant to Pennick's Sixth Amendment right to a speedy trial. At oral argument, the parties discussed the possibility that

Pennick would move to dismiss the remaining eleven counts on speedy trial grounds. We express no view as to the merits of any such motion.

We have considered the government's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

- 7 -