UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

UNITED STATES OF AMERICA,


      v.                                                    **DECISION AND ORDER**
                                                                  10-CR-191-A

TYRONE PENNICK,
a/k/a Stuff,

                Defendant.

───────────────────────────────

      Defendant Tyrone Pennick has moved to dismiss eleven counts in a Second

Superseding Indictment, based primarily on Sixth Amendment and statutory speedy

trial grounds.  The Court orally denied defendant Pennick's motions to dismiss on

July 2, 2018, and indicated that a written decision would follow.  Accordingly, for the

reasons stated below, the Court finds specifically that the defendant's Sixth

Amendment speedy trial right has not been violated, that the defendant has not

carried his burden to show that his statutory speedy trial rights were violated, and

that there is insufficient evidence of gilding of previously-dismissed charges in

violation of due process to warrant dismissal of any pending charge.

## BACKGROUND

      Prior proceedings in this case are described in the Court's decision at *United

States v. Pennick*, 2016 WL 4089192 (W.D.N.Y. Aug. 2, 2016), *aff'd*, 713 F. App'x

33 (2d Cir. 2017), which dismissed two very serious charges against defendant

Pennick, with prejudice, because his Sixth Amendment speedy trial rights had been

violated.  The Court assumes the parties' familiarity with all of the prior proceedings,

the pending motions, and the arguments that have been raised. The Court refers to those proceedings and its rulings only as is necessary to explain the reasoning that follows.

Defendant Pennick was arrested more than nine and a half years ago on December 16, 2009, on a criminal complaint charging him and 26 other persons with cocaine-related drug-trafficking offenses in violation of 21 U.S.C. §§ 841(a)(1), 843(b), and 846, and with participating in a continuing criminal enterprise in violation of 21 U.S.C. § 848 (the "CCE"). The criminal complaint was predicated on a law enforcement agent's 281-page affidavit. If convicted of participation in the CCE alone, the defendant would have faced a mandatory-minimum sentence of at least 20 years imprisonment. 21 U.S.C. § 848(a).

Jury selection and trial on a Superseding Indictment alleging the CCE and conspiracy charges were scheduled for June 14, 2012. However, after a late change of counsel, defendant Pennick was granted a severance from the trial, along with a fugitive and two other defendants. Every other remaining defendant entered a guilty plea before jury selection.

More than four years ago, on May 20, 2014, while additional pretrial motions, including motions to dismiss on speedy trial grounds, were pending, a Second Superseding Indictment was returned solely against defendant Pennick. He was charged in a CCE count and a cocaine-related conspiracy count which were materially the same as those in which he was charged in the original Complaint and the Superseding Indictment. However, the defendant was also charged with 11

additional counts as follows:  possession with intent to distribute five or more kilograms of cocaine in violation of  21 U.S.C. § 841(a)(1); two counts of attempted possession of  five or more kilograms of cocaine with intent to distribute in violation of 21 U.S.C. § 846; one count of money laundering and one count of money-laundering conspiracy in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(h), respectively; four counts of witness tampering in violation of 18 U.S.C. § 1512; and two counts of using a communication facility to facilitate a controlled substances offense in violation of 21 U.S.C. § 843(b).  The United States has filed an notice that the defendant has a prior felony drug conviction which may trigger 20-year mandatory minimum terms of imprisonment, up to a maximum of life imprisonment, on each of the counts alleging possession or attempted possession of more than five kilograms of cocaine.

On August 2, 2016, the Court dismissed the CCE and cocaine-related conspiracy charges upon finding that defendant Pennick's Sixth Amendment right to a speedy trial had been violated as to those two charges pending since his arrest in December of 2009.  The Court heavily weighed the approximately 54 months the defendant had spent in pretrial detention, and time the additional time that the defendant remained on electronically-monitored home incarceration, as well as the government's and Court's inadequate reasons for the delay in bringing the defendant to trial.

A few months later, on November 17, 2016, while on pretrial release in this case, on home incarceration under electronic monitoring, defendant Pennick was

arrested on new serious charges, involving more than 500 grams of cocaine. *See United States v. Tyrone Pennick*, 17-CR-15-A. He was remanded to pretrial detention in that case, the case was indicted, pretrial motions have been decided, and the defendant is awaiting his counsel's availability for jury selection and trial of the new charges on October 10, 2018, or sooner. The defendant has been detained continuously in connection with the additional charges since his arrest on November 17, 2016.

## DISCUSSION

Defendant Pennick moves to dismiss the remaining charges in the Second Superseding Indictment he faces, Counts 3 through 13, on the ground that his rights to a speedy trial under the Sixth Amendment and the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.* (the "Act"), have been violated because of the lengthy delays in bringing him to trial. He also moves to dismiss the remaining charges on the ground that the charges are merely "gilded" versions of the charges that the Court previously dismissed.

**I. The Sixth Amendment Speedy Trial Claims.** The Sixth Amendment Speedy Trial Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. The Sixth Amendment right to a speedy trial embodies "one of the most basic rights preserved by our Constitution." *Klopfer v. North Carolina*, 386 U.S. 213, 226 (1967). It protects the accused from actual or possible prejudice due to inordinate delay, and serves to "prevent undue and oppressive incarceration prior to trial, . . . minimize

anxiety and concern accompanying public accusation . . . [as well as] to limit the possibilities that long delay will impair the ability of an accused to defend himself." *United States v. Marion*, 404 U.S. 307, 320 (1971) (ellipses added); *Betterman v. Montana*, 136 S. Ct. 1609, 1614 (2016) (quoting *Marion supra* and citing *Barker v. Wingo*, 407 U.S. 514, 532–533 (1972)).

While the Sixth Amendment speedy trial right is a basic right, it "is a more vague concept than other procedural rights." *Barker*, 407 U.S. at 521. The Supreme Court has identified four inter-related factors to be considered in determining whether a defendant's right to a speedy trial has been violated: the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Doggett v. United States*, 505 U.S. 647, 651 (1992) (citing *Barker*, 407 U.S. at 530). It is well-settled that "[t]hese [four] factors 'must be considered together with any other circumstances as may be relevant' and 'have no talismanic qualities.' " *United States v. Cain*, 671 F.3d 271, 296 (2d Cir. 2012) (quoting *Barker, supra* at 533). If a violation of an accused Sixth Amendment speedy trial right is established, the pending charges are dismissed with prejudice. *See Strunk v. United States*, 412 U.S. 434 (1973).

**Length of delay.** The first of the *Barker* factors — the length of the delay — serves initially to help assess whether consideration of the other three factors is appropriate. *Cain*, 671 F.3d at 296. Here, the delay is well past that initial threshold.

Ordinarily, the right to a speedy trial is triggered "by arrest, indictment, or

other official accusation." *Doggett* at 655. No further inquiry is necessary if the length of delay after official accusation is not "presumptively prejudicial." *Id.* at 652. Ordinarily, delay approaching one year qualifies as presumptively prejudicial and justifies inquiry into the remaining *Barker* factors. *Doggett*, 505 U.S. at 652 n. 1. In the Second Circuit, there is a "general consensus" that a delay of more than eight months is presumptively prejudicial and merits further inquiry. *United States v. Vassell*, 970 F.2d 1162, 1164 (2d Cir. 1992). On the other hand, even much longer delays do not necessarily give rise to a Sixth Amendment violation where circumstances justify the delay. *See e.g., United States v. Ghailani*, 733 F.3d 29, 48 (2d Cir. 2013) (five-year delay); *United States v. Blanco*, 861 F.2d 773 (2d Cir. 1988) (10-year delay).

When, as in this case, a Sixth Amendment speedy trial motion seeks dismissal of criminal charges added to pending or previously-lodged charges, the Court must determine the start date for calculating the length of the delay. Defendant Pennick argues as if his constitutional speedy trial right as to the pending charges attached when he was first charged in the Criminal Complaint more than nine and a half years ago, on December 15, 2009, particularly on the ground that the conduct underlying the remaining charges was encompassed within the much broader CCE and drug-conspiracy allegations in the more than 280-page Criminal Complaint and supporting affidavit. Under this view, the Sixth Amendment right attaches upon prosecution and is not offense specific.

The United States, on the other hand, contends that the Court should use the

6

date when the Second Superseding Indictment was returned with the pending charges, May 20, 2014, as the date from which to calculate any Sixth Amendment speedy trial delay. It treats the right as offense specific, attaching only when a charge is actually brought against an accused.

Neither party has provided authority, or much analysis, in support of their respective positions on the start date for calculating the length of the delay, even though the gap from the initial Criminal Complaint charging defendant Pennick on December 15, 2009, until the Second Superseding Indictment with related charges was returned on May 20, 2014, is nearly five years. Each assumes the Sixth Amendment speedy trial right attaches at the time favoring their own position.

The parties overlook that Circuit Courts of Appeals are split as to the starting point from which delay is counted in these circumstances under *Barker*. Some circuits start counting from the time when related charges were first lodged. *See e.g.*, *United States v. Handa*, 892 F.3d 95 (1st Cir. 2018). Others count on an charge-by-charge basis, and start from when each offense was actually charged. *United States v. Derose*, 74 F.3d 1177 (11th Cir. 1996). The Court has found no Second Circuit case law addressing the question of when to start calculating Sixth Amendment speedy trial time when criminal charges are brought after related charges were already pending.

As an initial threshold matter, the parties' conflicting assumptions and the circuit split pertaining to when a Sixth Amendment speedy-trial right attaches need not be resolved. Even the four-plus year delay since the Second Superseding

Indictment was returned in 2014 with the pending charges is more than long enough to trigger consideration of the other *Barker* factors. *United States v. Vassell*, 970 F.2d 1162, 1164 (2d Cir. 1992) (delay of more than eight months is presumptively prejudicial and merits consideration of the other *Barker* factors). However, the length of delay is not relevant only to the threshold determination. It is relevant to the other *Barker* factors, too.

By way of further background, the Sixth Amendment speedy trial right is "generically different from any of the other rights enshrined in the Constitution for the protection of the accused." *Barker*, 407 U.S. at 519. Because the right "neither prohibits all delays, nor establishes a strict time limit between the announcement of a charge and the commencement of trial," *Barker*, *supra* at 519, no fixed "clock" or hard-and-fast rules govern Sixth Amendment times to trial, and "delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Id.* at 531. Indeed, this right has been characterized as somewhat "amorphous, slippery, and necessarily relative." *United States v. Ray*, 578 F.3d 184, 191 (2d Cir. 2009) (quoting *Vermont v. Brillon*, 556 U.S. 81, 89 (2009)). Thus it bears emphasis that the four *Barker* "factors 'must be considered together with any other circumstances as may be relevant' and 'have no talismanic qualities.' " *United States v. Cain*, 671 F.3d 271, 296 (2d Cir. 2012) (quoting *Barker*, *supra* at 533). And excessive delay "cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria." *Doggett v. United States*, 504 U.S. 647, 655-56 (1992). The criteria are all inter-related and must be considered together

with such other circumstances as may be relevant.  *Barker*, *supra.*

With this background, the Court need not attempt to resolve the circuit split on a start date for calculating the length of *a* delay under *Barker*.  As will be seen below, *both* start dates are relevant to evaluation of the remaining *Barker* factors. To evaluate each remaining factor — the reasons for trial delay, the defendant's assertion of his right to a speedy trial, and the prejudice to the defendant — the Court must take account of when the initial charges were brought, when the additional charges in the Second Superseding Indictment were brought, and then weigh the three remaining factors in light of the delays and all the other relevant considerations.

**Reason for the delay.**  There are three types of Sixth Amendment speedy trial delay: deliberate, neutral and valid.  *See Barker*, 407 U.S. at 531.  Deliberate delay, which is delay intended to confer an advantage over a defendant, weighs most heavily against the government.  *See* 407 U.S. at 530.  Neutral delay, delay resulting from government negligence and overcrowded court dockets, is less weighty.  *See Barker*, 407 U.S. at 530; *see United States v. Vasquez*, 918 F.2d 329, 338 (2d Cir. 1990) (no Sixth Amendment violation despite apparent government negligence in failing to expedite a mental competency examination).  *But see Flowers v. Warden, Connecticut Correctional Institution*, 853 F.2d 131, 134 (2d Cir. 1988) (a 17-month delay due to government dysfunction "might well merit dismissal" where greater prejudice to a defendant is established).  Finally, delay is considered "valid" delay in this context if it is reasonable pretrial delay, *see e.g., United States v.*

*Vassell*, 970 F.2d 1162, 1165 (2d Cir. 1992) (7-month delay in complex case to negotiate plea and cooperation agreement with co-defendant); delay caused by proceedings in another jurisdiction, *see e.g., United States v. Jones*, 91 F.3d 5, 9 (2d Cir. 1996); and delays attributable to the defendant, *see e.g, Davis v. Kelly*, 316 F.3d 125, 127 (2d Cir. 2003) (57-month delay caused by "repeated replacements of the defendant's attorney at his request").

Defendant Pennick argues that the return of the Second Superseding Indictment while his earlier motions to dismiss the Superseding Indictment on speedy trial grounds were pending shows that the United States caused the Grand Jury to lodge new additional charges only to avoid an impending dismissal with prejudice of the CCE and conspiracy charges against him. He argues that the charges in Count 3 through 13 of the Second Superseding Indictment could all have been returned much sooner, given that they were encompassed within the broad CCE and conspiracy counts, and that the timing of the return of the Second Superseding Indictment establishes that the United States deliberately delayed the case.

The United States denies that it acted in bad faith. Moreover, defendant Pennick's argument disregards that the Second Superseding Indictment includes four new Counts alleging witness tampering charges based upon conduct directed toward potential witnesses related to this case. The dates on which the tampering allegedly occurred are all within months of the filing of the Criminal Complaint, but that does not show that the United States knew of the tampering when it occurred or

that it had sufficient evidence to bring the additional charges immediately.  In the interim, numerous co-defendants entered guilty pleas pursuant to plea agreements containing cooperation agreements with the United States.

The witness tampering charges related to this proceeding involve threats of physical violence directed toward potential witnesses and family members of potential witnesses.  The Grand Jury found probable cause to believe the threats were made and that the threats were made by or on behalf of defendant Pennick.  In light of the probable cause that the defendant was attempting to interfere with witness' testimony related to this case, the Court does not find the new charges were lodged merely to avoid the consequences of a possible dismissal of the CCE and conspiracy charges.

It would have been neglectful for the United States not to evaluate and to prepare to use effectively at trial information and evidence obtained from the numerous cooperating co-defendants who entered guilty pleas and sought to cooperate while the case was pending.  The United States should present the best evidence it can in support of criminal charges that it determines, with its considered exercise of prosecutorial discretion, are just.  And if that evidence arises only after co-defendants agree to cooperate, the United States should not necessarily be precluded from using it to bring new charges merely because related charges have been pending against the defendant for a long time.

These circumstances are not the only reason for delay, and would not excuse deliberate or even intolerable neutral delay.  Since the Second Superseding

Indictment was returned, in May of 2014, the defendant Pennick's fourth counsel needed time to become familiar with the case, the United States' interlocutory appeal was heard, and defendant engaged in further motion practice. These are valid or neutral reasons for trial delay.

Defendant Pennick points out that the United States could have sought to try the charges in the Second Superseding Indictment while its interlocutory appeal was pending. But the United States' interlocutory appeal of the dismissal of extremely serious CCE and cocaine conspiracy charges, with prejudice, was not a frivolous appeal. Dismissal of the extremely serious CCE and conspiracy charges against the defendant for reasons unrelated to the merits of the criminal case is a unusual and unsatisfactory remedy for delay. If there had been a reversal, it would have been enormously burdensome to the defendant to try the previously-dismissed CCE and conspiracy Counts. Especially because the new and serious drug-trafficking charges arose against the defendant on November 17, 2016, while the appeal was pending, the Court finds the interlocutory appeal a partly valid, but mainly neutral, reason for the delay.

Defendant Pennick's counsel's own requests to delay proceedings so that counsel could become familiar with the case and to supplement motions were valid reasons for delay. In summary, contrary to the defendant's argument, the Court can draw no inference of bad faith or dilatory conduct on the part of the United States solely from the timing of the return of the Second Superseding Indictment while the defendant's earlier motions to dismiss on speedy trial grounds were pending. Given

the extremely serious underlying criminal conduct, the number of co-defendants who entered guilty pleas and sought to earn more lenient sentences by cooperating with the United States during the years before the Second Superseding Indictment was returned, the record does not support an inference of bad faith based on such timing. After the Grand Jury found probable cause to believe the defendant had tampered with witnesses, the case has dragged on due to these new charges being added, the interlocutory appeal, and the defendant's delays, not because of dilatory conduct impacting the fundamental fairness of the proceeding to the defendant.

In assessing these reasons for the lengthy delay, the Court has given less weight to the time period before the Second Superseding Indictment was returned than to the time after the new charges were returned. The prior charges were dismissed with prejudice for the reasons stated in the Court's prior ruling. *See United States v. Pennick*, 2016 WL 4089192 (W.D.N.Y. Aug. 2, 2016), *aff'd*, 713 F. App'x 33 (2d Cir. 2017). That remedy reduces, but certainly does not eliminate, the significance of the delay before the return of the Second Superseding Indictment.

**Assertion of the Right.** Whether a defendant is serious about wanting a speedy trial is the third *Barker* factor. *See* 407 U.S. at 530. A "lack of timeliness, vigor or frequency" in asserting the right does not waive the claim, but it undercuts it. *See Rayborn v. Scully*, 858 F.2d 84, 93 (2d Cir. 1988); *Garcia Montalvo v. United States*, 862 F.2d 425, 426 (2d Cir. 1988) (no violation where defendant raised issue six years after trial). *But see Doggett*, 505 U.S. at 654 (post-arrest assertion timely more than eight years after indictment filed because defendant had been unaware of

indictment).

While defendant Pennick argues that the remaining charges against him should all be dismissed for the exact same reasons the Court dismissed the CCE and conspiracy Counts, he did not move to do so when the Second Superseding Indictment was returned, even though he could have done so. Moreover, the defendant has provided no explanation for not asserting his right when his earlier speedy trial motions were pending.

As the Court observed previously, although the defendant sought and was granted an eve-of-trial severance and numerous adjournments of his time to file and supplement the pretrial motions and of Court appearances, the defendant's third counsel first asserted the defendant's right to a speedy trial in January of 2014, after the case had been pending, with the defendant in pretrial detention, for approximately 54 months. Even after that date, the defendant sought adjournments to supplement prior motions and to consider making additional motions. The additional submissions to the Court were largely repetitive, and, frankly, were presented in a way that was inconsistent with an urgent desire for a speedy trial. *See e.g.*, Dkt. Nos. 801, p. 6 n.4 and 842. Ultimately, after also seeking substantial additional time to become familiar with the case and to supplement prior pending motions, the defendant's fourth counsel did not supplement the pending motions to challenge Counts 3 through 13 of the Second Superseding Indictment.

The charges defendant Pennick faces are certainly very serious. Given the number of cooperating co-defendants it appears may be testifying against him

during his trial, the wiretap and other audio recordings the United States has indicated it will introduce during its case in chief, and the severe penalties the defendant faces, the defendant's failure to have asserted his Sixth Amendment right sooner than he did weakens the grounds for dismissal on that basis. While the defendant is under no obligation to insist on a date for trial to preserve his Sixth Amendment right, *Barker*, 407 U.S. at 527, his failure to move to dismiss the remaining counts sooner tends to diminish the force of his arguments.

**Prejudice to Defendant.** There are basically three types of Sixth Amendment speedy-trial prejudice that are relevant under *Barker*: pretrial imprisonment, presumed prejudice due to anxiety, and impairment of the defense. 407 U.S. at 532. The last of these three types is the most serious, *see* 407 U.S. at 532, and has been more prominent among the rare dismissals of criminal cases on constitutional speedy trial grounds. *See, e.g.*, *United States v. Vispi*, 545 F.2d 328, 334-35 (2d Cir. 1976) (difficulty locating documentary evidence). Nevertheless, the presumption of prejudice inherent in a sufficiently lengthy delay also may be enough for a defendant to prevail on a Sixth Amendment claim even absent "proof of particularized prejudice." *Doggett*, 505 U.S. at 655 (right to speedy trial violated by eight-and-one-half-year delay between indictment and arrest). Prejudice that is merely conjectural does not suffice to warrant dismissal. *See United States v. Moreno*, 789 F.3d 72, 81 (2d Cir. 2015) (possibility that defendant may no longer recall certain phone conversations was belied by conversations having been recorded and "thus fully preserved[,]" and failure to recall context "may [also] be said

15

of the government's witnesses"); *see also Barker*, 407 U.S. at 521 (fading memories often "work to the accused's advantage").

In moving to dismiss, defendant Pennick claimed no impairment of his defense. There was and is no evidence that his defense has been impaired as a result of delays in this case.

When the Court dismissed the CCE and conspiracy charges, the Court heavily weighed the approximately 54 months the defendant had spent in pretrial detention and the approximate 11 months that he remained on electronically-monitored home incarceration. *United States v. Pennick*, 2016 WL 4089192 at *7-8 (W.D.N.Y. Aug. 2, 2016). The Court acknowledges its own responsibility for the delays and imposed the unsatisfactory remedy of dismissal even though there was no evidence that the defense was impaired. *See id*. at *8.

Defendant Pennick was subject to pretrial detention for approximately 11 months while Counts 3 through 13 of the Second Superseding Indictment was pending. He was released to home incarceration under electronic monitoring on June 26, 2015. In the present circumstances, the presumed prejudice the defendant experiences stems from the certainty that the charges in Counts 3 through 13 of the Second Superseding Indictment "seriously interfere with the defendant's liberty, whether he is free on bail or not, and . . . may disrupt his employment, drain his financial resources, curtail his associates, subject him to public obloquy, and create anxiety in him, his family and his friends." *United States v. Marion*, 404 U.S. 307, 320 (1971)). But presumed prejudice to the defendant that the Court is to weigh

16

now is necessarily altered by the fact that the defendant has been indicted on new and serious cocaine-trafficking charges and is in pretrial detention awaiting his counsel's availability for the trial of the new charges on October 10, 2018, or sooner. The defendant has been detained continuously in the new case since his arrest on November 17, 2016, and so the Court must weigh the impact of the delay on the defendant in light of these particular circumstances.

While that impact is substantial, it is less than it would be if defendant Pennick were not now in pretrial detention on new serious cocaine-trafficking charges. Even though the defendant was granted relief from the CCE and drug conspiracy charges before his new arrest, he had been confined to his residence on electronic monitoring. His liberty was restricted by home incarceration and strict conditions of release for well over a year before his new arrest. After the defendant was detained on the new charges, the presumed prejudice he has suffered that can be attributed to Counts 3 through 13 of the Superseding Indictment diminished due to the more serious prejudice directly attributable to the new charges and his detention on those charges.

The Court has given careful consideration to the proper weight to give to the four inter-related *Barker* factors in assessing defendant Pennick's Sixth Amendment speedy trial claim. The Court has weighed heavily the collective seriousness of the cocaine-trafficking related and witness tampering charges in Counts 3 through 13 of the Second Superseding Indictment. The Court finds that the temporally overlapping reasons for the delay since these charges were returned in May of 2014

include no deliberate delay, and that the reasons were primarily neutral and valid. Moreover, the fact that the defendant was arrested, charged, and subjected to pretrial detention on new serious cocaine-related charges renders the presumed prejudice attributable to this case less significant. The defendant's failure to move against these remaining Counts, despite having been afforded ample time to consider doing so, confirms that the defendant did not have an urgent need to seek to vindicate his right to a speedy trial. The Court therefore finds that the delays in bringing the defendant to trial have not impaired the fundamental fairness of the prosecution enough to warrant dismissal under the Sixth Amendment.

**II. Speedy Trial Act Claims.** Generally, the Speedy Trial Act requires the trial of a defendant to start within 70 days after the defendant is publicly charged or makes an initial appearance. 18 U.S.C. § 3161(c)(1). Section 3161(c)(1) provides the 70-day speedy trial clock starts with the filing of the information or indictment or "from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." *Id.*

In addition, the Act imposes a 30-day filing requirement for charges not brought by information or indictment. 18 U.S.C. § 3161(b). An information or indictment alleging the previous charge after the allowed 30 days is subject to dismissal. 18 U.S.C. § 3162(a)(1).

**A. Counts 12 and 13.** Defendant Pennick first argues that Counts 12 and 13 of the Second Superseding Indictment, which charge the use of a communication facility, a telephone, in furtherance of a controlled substance felony in violation of 21

U.S.C. § 843(b), and which are far and away the least serious of the remaining Counts, must be dismissed because they were charged in the December 15, 2009 Criminal Complaint, but not timely indicted. The Court finds the defendant's argument is without merit.

The Speedy Trial Act requires that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). If "no indictment or information is filed within the time limit . . . such charge against that individual contained in such complaint shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1). This is the language of the Act that imposes the 30-day filing requirement

Counts 12 and 13 of the Second Superseding Indictment charge that defendant Pennick used a telephone in furtherance of a controlled substance felony at two specific times — 9:53 a.m. and 11:55 a.m., respectively — on September 11, 2009. Defendant Pennick argues he was charged with those offenses in the Criminal Complaint. That is incorrect. Although the defendant was charged with the identical kind of offense in the Criminal Complaint, he was not charged with those particular offenses. There are no references in the more than 280-page Criminal Complaint to those telephone calls.

It is well-settled under § 3162(a)(1) of the Speedy Trial Act does not mandate dismissal of "subsequent charges [even] if they arise from the same criminal episode as those specified in the original complaint or were known or reasonably

should have been known at the time of the complaint." *United States v. Napolitano*, 761 F.2d 135, 137 (2d Cir. 1985). The Act mandates dismissal only of "such charge against the individual contained in such complaint." 18 U.S.C. § 3162(a)(1)). *See United States v. Gaskin*, 364 F.3d 438, 453 (2d Cir. 2004)). Counts 12 and 13 of the Second Superseding Indictment do not violate the Speedy Trial Act's 30-day filing requirement. Defendant Pennick's motion to dismiss these Counts on this ground is therefore denied.

**B. Counts 3 through 13.** During oral argument of the motions to dismiss on May 14, 2018 defendant Pennick's counsel suggested to the Court that there may also be grounds for dismissal of all remaining Counts in the Second Superseding Indictment for violation of the Speedy Trial Act's 70-day time-to-trial requirement, although he had tentatively concluded that the record did not adequately support the contention without further development. After further colloquy, the Court gave the defendant one week to confer with prior counsel and to supplement the motion to dismiss on this additional ground. The Court gave the United States one week to respond. Those supplemental filings were made.

The Act requires that a defendant be brought to trial within 70 days of return of an indictment or initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). The 70-day clock is subject to certain periods of delay specified in the Act, but if the defendant is not brought to trial before the 70-day clock runs out, the indictment "shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2).

The Act provides that "[t]he defendant shall have the burden of proof of

supporting such motion . . . ."  18 U.S.C. § 3162(a)(2); *see e.g.*, *United States v. Adams*, 448 F.3d 492, 503-04 (2d Cir. 2006).  The Court has reviewed the supplemental filing of defendant Pennick to support dismissal of the Second Superseding Indictment for violation of seven day time to trial clock and concludes the defendant has not meet his burden.  The Act excludes delay from the 70-day clock as a matter of law due the filing of "any pretrial motion" through prompt disposition of the motion.  18 U.S.C. § 3161(h)(1)(D); *United States v. Tinklenberg*, 563 U.S. 647, 654-60 (2011) (the filing of a motion automatically stops the speedy trial clock without regard to causation or the reasonableness of ensuing delay).  It also excludes delay while an interlocutory appeal is pending.  18 U.S.C. § 3161(h)(1)(C).  These periods of delay are properly excluded as a matter of law, *Tinklenberg, supra,* and do not count against the Act's 70-day time-to-trial clock.

In his supplemental submission, defendant Pennick fails to carry his burden under § 3162(a)(2) to prove the 70-day speedy trial clock has expired.  By the same token, the United States has not conducted the detailed analysis of the docket necessary to address the attempted showing that the defendant has made.  Under these circumstances, the Court is unable to determine whether the issue the defendant raises has merit.  The Court therefore denies the defendant's motion to dismiss the remaining Counts of the Second Superseding Indictment under § 3162(a)(2).

**III. Gilding Violating the Due Process Clause.** Defendant Pennick also argues that the Counts 3 through 13 in the Second Superseding Indictment were all charged in violation of the Due Process Clause of the Fifth Amendment, U.S. Const. amend. V, because they are essentially the same as the dismissed CCE and drug conspiracy charges that have been dismissed, and are charged merely to avoid the consequences of that dismissal. The defendant argues that the remaining charges were all encompassed within the broad CCE and drug conspiracy charges, that they could all have been brought much sooner, and that the timing of the return of the Second Superseding Indictment while his motions to dismiss those charges on speedy trial grounds were pending establishes that the United States violated his Fifth Amendment rights by merely gilding the CCE and drug conspiracy charges to avoid the consequences of its own dilatory behavior. The Court disagrees.

The gilding doctrine as applied to Sixth Amendment and statutory speedy trial rights is neither clearly-defined nor even necessarily valid in the Second Circuit. *See e.g.*, *United States v. Gaskin*, 364 F.3d 438, 455-56 (2d Cir. 2004); *United States v. Napolitano*, 761 F.3d 135, 138 (2d Cir. 1985), *but see, United States v. Peppin,* 365 F. Supp.2d 261, 269 (N.D.N.Y. 2005). The status of the doctrine is also uncertain in other Circuits. *See United States v. Washington*, No. 17-2004, 2018 WL 3134611, at *1-3 (8th Cir. June 27, 2018).

Nevertheless, in this case, even if the Court assumes that the gilding doctrine should be recognized and applied, it would not result in dismissal of charges in the Second Superseding Indictment. Suffice it to say that all of the charges in the

22

Second Superseding Indictment depend either upon different facts or upon different statutory elements than the CCE and drug conspiracy charges; the new charges did not "gild" the dismissed charges. *See e.g.*, *Gaskin*, 364 F.3d at 456 ("pleadings that add elements to the government's burden of proof beyond those required for the lesser included charges in a complaint do more than gild the original charges"); *United States v. Watkins*, 339 F.3d 167, 175-78 (3d Cir. 2003) (rejecting an overlapping-proof or same-transaction test for gilding).

As the Court discussed above, the Second Superseding Indictment includes four charges alleging witness tampering related to this case based upon conduct after defendant Pennick was first charged. The Grand Jury found probable cause to believe threats of physical violence directed toward potential witnesses and family members of potential witnesses had been made, and that those threats were made by or on behalf of the defendant. And during the delay between the alleged witness tampering and the return of the Second Superseding Indictment, numerous co-defendants entered guilty pleas pursuant to plea agreements containing cooperation agreements with the United States. These circumstances undermine the defendant's claim that he faces new charges merely because the United States was trying to avoid the consequences of the delay. The defendant's motion to dismiss for gilding in violation of the Due Process clause is denied.

**CONCLUSION**

For the foregoing reasons, the motions of the defendant, Tyrone Pennick, to dismiss Counts 3 through 13 of the Second Superseding Indictment on constitutional and statutory speedy trial grounds, and for gilding, Dkt. Nos. 787, 1112, and 1152, are denied.

**IT IS SO ORDERED.**

_Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:   July 16, 2018